IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAMONTE L. STEELE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-05-375-F ) |
| BUREAU OF PRISONS, | ) ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

Petitioner Lamonte Steele initiated the present habeas action, and the Respondent moved for dismissal based on mootness. The motion should be granted.

Mootness deprives a court of subject-matter jurisdiction. *See Southern Utah Wilderness Alliance v. Smith,* 110 F.3d 724, 727 (10th Cir. 1997); *In re Osborn*, 24 F.3d 1199, 1203 (10th Cir. 1994). The United States Supreme Court has held that a habeas petition is moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To satisfy the "case or controversy" requirement, the petitioner must have suffered an actual injury which can "be redressed by a favorable judicial decision." *Id.* (citation omitted). Thus, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975)).

The Petitioner does not challenge his conviction or the validity of his sentence. Instead, he seeks release based solely on his medical condition and the difficulties of treatment while in prison. The Respondent presents unrebutted evidence that the Petitioner has already been released,[1] which is the remedy being sought in the present action.[2] *See*, *e.g.*, *Riley v. Immigration & Naturalization Service*, 310 F.3d 1253, 1257 (10th Cir. 2002) ("we hold that [the petitioner's] release from detention moots his challenge to the legality of his . . . detention"). Under these circumstances, the Court should dismiss the action without prejudice based on mootness.[3]

Any party may file written objections with the Clerk of the United States District Court. 28 U.S.C.A. § 636(b)(1) (2000). The deadline for objections is June 14, 2005. *See*

---

[1] "When a party challenges the allegations supporting subject-matter jurisdiction, the 'court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (citation omitted), *cert. denied*, __ U.S. __, 124 S. Ct. 2907 (2004). In these circumstances, consideration of evidence outside the pleadings does not require conversion of the motion to one for summary judgment. *See id*.

[2] There are exceptions to the mootness doctrine. For example, the Court should not dismiss as moot a petition if: (1) collateral injuries result from the primary injury; (2) the issue involves a wrong capable of repetition yet evading review; (3) the respondent voluntarily terminates an allegedly illegal practice but can resume it at any time; or (4) the court properly certified suit as a class action. *See Riley v. Immigration & Naturalization Service*, 310 F.3d 1253, 1257 (10th Cir. 2002). These exceptions are inapplicable in the present case.

[3] When a claim is moot, some courts conclude that the dismissal should be with prejudice. *E.g.*, *AT&T Corp. v. Federal Communications Commission*, 317 F.3d 227, 228 (D.C. Cir. 2003). However, when claims have been rendered moot, the Tenth Circuit Court of Appeals has modified rulings to clarify that the dismissals are without prejudice. *E.g.*, *Beierle v. Colorado Department of Corrections*, 79 Fed. Appx. 373, 376, 2003 WL 22407426, Westlaw op. at 3 (10th Cir. Oct. 22, 2003) (unpublished op.); *Bulgier v. Social Security Administration*, 124 F.3d 216, 216, 1997 WL 556281, Westlaw op. at 1 (10th Cir. Sept. 8, 1997) (unpublished op.).

W.D. Okla. LCvR 72.1(a).  Failure to file timely objections would result in waiver of the right to appeal the suggested dismissal.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

    This referral to the undersigned is terminated.

    Entered this 25th day of May, 2005.

*/s/ Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge